UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AUTOTRONIC SYSTEMS, INC., | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. H-07-1566 |
| | § |
| HRSG, INC., | § |
| | § |
| Defendant. | § |

Memorandum and Order

The Court has considered Defendant HRSG Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Docket #9). Because the Court finds that Defendant had contacts with the State of Texas sufficient to establish specific personal jurisdiction under both the Texas long-arm statute, §§ 17.041- 17.045 of the Texas Civil Practice & Remedies Code, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Defendant's motion is **DENIED**.

I.  BACKGROUND

Defendant, which no longer actively does business, designed and built power plants. In order to complete a turbo-generator it had contracted to build in Aruba, Defendant entered into a series of contracts with subcontractors, including numerous purchase orders sent to five subcontractors who are relevant to this case: Team Industrial Services, Inc., Wholesale Electric Supply Company of Houston, L.P., DeCuba Electrical Contractor N.V., Starcon Aruba, Inc., and ALBO Aruba N.V. The first two of these five subcontractors maintain their principal place of business in Texas. Plaintiff, as assignee of the relevant subcontracts, sued for breach of contract

and unjust enrichment, claiming that Defendant has not paid the full amount owed under the contracts.

Defendant, a nonresident of Texas, argues that the Court does not have personal jurisdiction. Def.'s Mot. Dismiss. In support of its claim, Defendant argues that it does not do business in Texas, that it was referred to the Texas companies by its client and therefore did not purposefully solicit inside of Texas, that the vast majority of communications regarding the purchase orders took place outside of Texas, and that the contracts included a choice-of-law provision that would have applied the law of Aruba. Defendant also states that it would offend notions of fair play and substantial justice to require it to litigate in Texas because it is no longer a functioning corporate entity.

In response, Plaintiff argues that the Court may exercise specific personal jurisdiction over Defendant on the basis of a series of contacts with the State of Texas. Pl.'s Resp. to Def.'s Mot. Dismiss. Plaintiff asserts that Defendant sent at least twenty-three purchase orders to Texas (and, in addition, sent one purchase order to a Texas corporation outside of Texas). It asserts that Defendant sent an unspecified number of faxes and emails discussing the purchase orders to Texas. It asserts that seventeen of these purchase orders stipulated a Texas address as the F.O.B. point, arguing that, therefore, performance was tendered in Texas, title to the goods passed in Texas, and Texas law governs the transaction under the contracts' choice-of-law provision. Finally, it asserts that payment on the twenty-three purchase orders, if any, was made to Texas.

## II.    STANDARDS

The Court may exercise personal jurisdiction over a nonresident defendant in a diversity suit only to the extent permitted by the laws of Texas and considerations of constitutional due process. *Command-Aire Corp. v. Ontario Mechanical Sales and Service Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). Because the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code Ann. §§ 17.041-17.045, is coterminous with the Due Process Clause of the Fourteenth Amendment to the United States Constitution, U.S. Const. amend. XIV, § 1, the Court's constitutional due process inquiry into personal jurisdiction also serves as an inquiry into personal jurisdiction under the Texas long-arm statute. *Command-Aire Corp.*, 963 F.3d. at 93-94.

To comport with constitutional due process, Plaintiff must show: (1) that Defendant purposefully availed itself of the benefits and protections of Texas law, thereby establishing "minimum contacts" with Texas such that Defendant could reasonably have anticipated being haled into court there; and (2) that under the circumstances, the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *Id.* at 94 (citing *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102 (1987); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); *and Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784 (5th Cir.1990)); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) ("When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident.").

In addition, because Plaintiff argues that the Court has specific, as opposed to general, personal jurisdiction, Plaintiff's cause of action must arise from or relate to Defendant's contacts with the forum state. *See, e.g. Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408,

414 n. 8 (1984); *accord Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 585 (Tex. 2007) (*citing Rush v. Savchuk*, 444 U.S. 320, 329 (1980)) (requiring a "substantial connection" between Defendant's contacts and the facts of the litigation).

In deciding this matter, the Court emphasizes that, while the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists, a *prima facie* showing suffices, and Plaintiff need not establish jurisdiction by a preponderance of the evidence. *Love N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). Moreover, for purposes of this Memorandum and Order, the Court must all facts contested in the affidavits in favor of jurisdiction. *Id.*; *Wyatt v. Kaplan* 686 F.2d 276, 280 (5th Cir. 1982).

## III. ANALYSIS

### A. Purposeful Availment / Minimum Contacts

In this case, there is little doubt that Defendant's purposeful contacts with the state of Texas were sufficient to put it on notice that it could be called upon to defend itself there from allegations arising out of those contacts.

First, Defendant has not contested Plaintiff's claim that Defendant purposefully sent twenty three purchase orders, and perhaps some payments, to Texas. The Fifth Circuit has previously found that the repeated placing of orders in Texas constitutes an important contact with the State for purposes of personal jurisdiction. *See Southwest Offset, Inc. v. Hudco Pub. Co., Inc.*, 622 F.2d 149, 152 (5th Cir. 1980) (where a nonresident corporation placed approximately eight orders with a Texas corporation, it was "no mere passive customer" for purposes of minimum contacts analysis). Defendant's claim that its solicitation in Texas was not purposeful because "it

was [the client] that gave [Defendant] the contact information for Wholesale Electric [Supply Company of Houston]," Def. Mot. Dismiss at 7, is unavailing. Defendant may have received the contact information from the client, but that does not suggest that Defendant's decision to do business with this company was somehow just fortuitous, particularly in light of the fact that Wholesale Electric Supply Company of Houston's very name adverts to its Texas connection.

Second, Defendants purposefully entered into a contract with a choice-of-law provision that, although disputed, is presumed to apply Texas law when viewed in the light that favors jurisdiction. The United States Supreme Court has said that a contract's choice-of-law clause is relevant to the minimum contacts analysis, s*ee Burger King Corp.*, 471 U.S. at 482; in this case, the choice-of-law clause tends to show that the Defendant was indeed availing itself of Texas law.

Third, the Court finds it highly probative that seventeen purchase orders, offered and signed by Defendant, dictated an F.O.B. point in Texas. Under Texas law, if a contract contains no agreement to the contrary, delivery is made at the F.O.B. point. *See Nichols v. William A. Taylor, Inc.*, 662 S.W.2d 396, 400 (Tex. App. 1983) ("When a shipment is made F.O.B., delivery is deemed to have been made when the freight company obtains possession. In the absence of an agreement to the contrary, delivery to the carrier is delivery to the purchaser." (quotation omitted)). Fifth Circuit case law clearly shows that the F.O.B. point, while not itself dispositive, is a factor that the Court must take into consideration in a minimum contacts analysis. *See Luv N' Care* 438 F.3d at 471 n.10 (*citing Singletary v. B.R.X., Inc.*, 828 F.2d 1135, 1136 (5th Cir. 1987) *and Charia v. Cigarette Racing Team, Inc.*, 583 F.2d 184, 188-89 (5th Cir. 1978)). In this case, Defendant explicitly agreed to an F.O.B. point in Texas. This constitutes an important, purposeful contact with the State for purposes of a minimum contacts analysis.

While none of these contacts by itself would clearly support specific personal jurisdiction over the Defendant, the Court has little difficulty finding that, in their totality, these contacts show that Defendant knowingly and purposefully did business in the state of Texas under the protections of Texas law sufficient to be able to anticipate being haled into this state.

B.    **Fair Play and Substantial Justice**

In determining whether the exercise of jurisdiction is fair and reasonable according to traditional notions of fair play and substantial justice, the court must balance: (1) the burden on the nonresident defendant of having to defend itself in the forum; (2) the interests of the forum state in the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in the most efficient resolution of controversies; and (5) the shared interests of the states in furthering fundamental social policies. *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 384 (5th Cir. 2003). Only in rare cases will the assertion of jurisdiction be unfair after minimum contacts have been shown. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999).

This case is not one of those rare cases. While the Court is mindful of Defendant's assertion that it is no longer an operating corporation, the Court notes that, at the time of these contracts, Defendant was an entity with enough sophistication to contract across states and perform technical work in Aruba. Moreover, Defendant has not advanced any argument, much less a compelling one, to show that exercising personal jurisdiction over it in Texas would place it under a constitutionally unfair or unjust burden. *See Burger King Corp.*, 471 U.S. at 476-77 (Defendant must make a "compelling case"). The meager evidence of Defendant's burden is clearly outweighed by the countervailing considerations under the above-noted five-factor test,

including but not limited to Plaintiff's connections to Texas and the presumptive applicability of Texas law.

    C.    **The Relationship Between Plaintiff's Cause of Action and Defendant's Contacts with Texas**

That Plaintiff's cause of action is sufficiently related to Defendant's contacts with Texas requires little discussion. Each of those contacts resulted from business transactions designed to execute and perform a substantial portion of the contracts that form the basis for this lawsuit. This relationship is clearly sufficient to support specific personal jurisdiction over the nonresident Defendant. *See Burger King Corp.*, 471 U.S. at 472-73 (citing *Helicopteros*, 466 U.S. at 414).

**IV.    CONCLUSION**

For the foregoing reasons, the Court finds that Defendant had contacts with the State of Texas sufficient to establish specific personal jurisdiction under both the Texas long-arm statute and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Therefore, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Docket #9) is hereby **DENIED**.

    **IT IS SO ORDERED**.

    SIGNED at Houston, Texas, on this the 17th day of October, 2007.

    THE HONORABLE KEITH P. ELLISON
    UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS
ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY
AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN
SENT ONE BY THE COURT.