UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUTOTRONIC SYSTEMS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-1566 |
| | § | |
| HRSG, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Before the Court is Plaintiff's Rule 14(a) Motion to Strike Defendant's Third-Party Complaint (Doc. No. 24). Having considered the Motion, all responses and replies thereto, and all applicable law, the Court finds that the Motion should be granted.

Federal Rules of Civil Procedure 14(a) allows for a defendant, as third-party plaintiff, to implead an entity not party to the case "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a). While the Court enjoys some discretion in determining when a third-party has been properly impleaded, the Fifth Circuit has advised that "impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim." *U.S. v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751-52 (5th Cir. 1967).[1] Moreover, the Supreme Court has advised that the relationship

---

[1] The Fifth Circuit has also expressed this same principle in different words, including: "[Impleader is only permitted] in cases where the third party's liability [is] in some way derivative of the outcome of the main case"; "[T]he third party defendant must be liable secondarily to the original defendant in the event that the latter is held liable to the plaintiff"; and "[T]he third party must necessarily be liable over the defendant for all or part of the plaintiff's recovery." *Joe Grasso & Son*, 380 F.2d at 751; *see also Southeast Mortgage Co. v. Mullins*, 514 F.2d 747, 750 (5th Cir. 1975) (third-party complaint improper where it "does not emanate from the main claim but exists wholly independent of it"); *accord* 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1442 (2nd ed. 1995) ("[I]mpleader is available only against persons who are or may be liable to defendant for part or all of plaintiff's claim; it cannot be used as a way of combining all controversies having a common relationship in one action.").

between the main claim and the third-party complaint must be more substantial than simple factual similarity: the third-party complaint must "depend[] at least in party upon the resolution of the primary lawsuit" such that there is a "logical dependence" between the two. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 376 (1978).

In the instant case, no such "logical dependence" exists to justify allowing Defendant HSRG's third-party complaint. The main claim in this case is Plaintiff's breach of contract claim that Defendant, the prime contractor on a project in Aruba, failed to pay five subcontractors for work those subcontractors performed. In contrast, Defendant's third-party complaint alleges that Valero Refining Company-Aruba, N.V. ("Valero"), breached an Engineering, Procurement and Construction Agreement (the "procurement contract") executed between those two parties, and to which the subcontractors were not parties. Defendant argues that the two claims are sufficiently related because its failure to pay the five subcontractors, if indeed it so failed, was caused by Valero's failure to make timely payments under the procurement contract.

The defect in Defendant's position, however, is that its obligations under the contracts with the five subcontractors do not depend on Valero's performance under the procurement contract. Put another way, Valero's liability to Defendant, if any, does not depend on Defendant's liability to Plaintiff. Nor has the Court any reason to believe that Valero could be secondarily liable in the event Defendant were found liable to Plaintiff for the nonpayment of the subcontracts. Moreover, the fact that the claims arise out of a common factual setting surrounding Defendant's project for Valero is not enough to justify the third-party complaint. *Joe Grasso & Son*, 380 F.2d at 751 ("[A]n entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same general set of facts as the

main claim."). In short, the main claim is entirely independent of the third-party claim, and Valero's liability is in no way "dependant upon the outcome of the main claim," *Joe Grasso & Son, Inc.*, 380 F.2d at 751. The third-party complaint is therefore improper.

Finally, while Defendant maintains that the Court should allow the third-party complaint, it argues in the alternative that the Court should sever the third-party complaint and then consolidate the actions under Federal Rules of Civil Procedure 42(a) for reasons of convenience and economy in judicial administration. (Def.'s Resp., Doc. No. 27, at 6-7.) The power of the court to consolidate separate cases is purely discretionary, *St. Bernard Gen. Hosp. v. Hosp. Serv. Ass'n*, 712 F.2d 978, 989 (5th Cir.1983), and the Court is not persuaded that the wise judicial administration demands consolidation. As explained above, the two claims at issue arise out of different contracts and allege unrelated breaches, and therefore have substantially different questions of fact. The third-party complaint further complicates the dispute between Plaintiff and Defendant by seeking to implead Valero, which is not party to the instant case. Moreover, the deadline for discovery in the instant case is currently set for next month, and consolidation of the cases would undoubtedly require delaying proceedings in this case to allow the discovery in the third-party case to catch up. *See* 7 Charles Alan Wright, Arthur R. Miller, *Federal Practice and Procedure* § 2383 (1995) ("[A] motion under Rule 42(a) may be denied if . . . consolidation will cause delay in the processing of one or more of the individual cases. . . ."). The Court therefore finds that the two actions are insufficiently related to counsel consolidation, and that consolidation would unjustifiably risk further delay in this ten-month old case by introducing new parties and new fact issues. Defendant's request for consolidation under Rule 42(a) is denied.

For these reasons, Plaintiff's Rule 14(a) Motion to Strike Defendant's Third-Party Complaint (Doc. No. 24) is **GRANTED**, and Defendant's Third-Party Complaint, which is included in Defendant's Answer (Doc. No. 23, at 4-9), is hereby stricken from the record.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 4th day of March, 2008.

THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.